HUNTINGTON BRANCH NAACP, et al., Plaintiffs,

v.

TOWN OF HUNTINGTON, et al., Defendants.

No. CV–81–0541.

United States District Court, E.D. New York.

April 29, 1991.

Richard F. Bellman, Steel & Bellman, New York City, for plaintiffs.

Richard C. Cahn, Cahn, Wishod & Wishod, Melville, N.Y., for defendants.

## MEMORANDUM AND ORDER AND FINAL JUDGMENT

GLASSER, District Judge:

In a Memorandum and Order dated October 23, 1990 I considered the propriety of awarding the plaintiffs the cost they incurred in enlisting the services of experts who assisted them in the preparation of the case and at trial 749 F.Supp. 62. After reviewing the relevant reported decisions for and against such an award, I concluded that faithfulness to the spirit and objective of 42 U.S.C. § 1988 as I perceived them to be required that an award of expert witness fees be made. In doing so, I said that

I am sensitive to the fact that the precise issue will in the near future be resolved by the United States Supreme Court when it decides *West Virginia University Hospitals, Inc. v. Casey....* In that regard, in a dissenting opinion in *Spector Motor Service v. Walsh*, 139 F.2d 809 (2d Cir.1944), Judge Learned Hand observed, at p. 823, that it is undesirable "for a lower court to embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant; on the contrary I conceive that the measure of its duty is to divine, as best it can, what would be the event of an appeal in the case before us."

I then proceeded to divine that the United States Supreme Court will decide in *West Virginia University Hospitals* that expert witness fees should be awarded. I was wrong. On March 19, 1991 that Court affirmed the decision of the Third Circuit precluding the award of such fees in excess of thirty dollars per day as provided in 28 U.S.C. § 1821(b).

The parties in this action stipulated that a final judgment should be entered. That stipulation has been "so ordered." They also agreed upon the draft of a final judgment which they submitted for my approval and signature. The final paragraph of that submission reads as follows:

4. The defendants shall pay to the plaintiffs their reasonable attorney fees and costs as previously fixed by the Court.

After the stipulation and proposed final judgment were forwarded to me, *West Virginia University Hospitals* was decided. The defendants then unilaterally submitted a variant of the previously agreed upon final judgment to reflect that decision. The final paragraph of this submission reads as follows:

4. The defendants shall pay to the plaintiffs their reasonable attorney fees and costs as previously fixed by the Court, except that, based upon the decision of the United States Supreme Court in *West Virginia University Hospitals, Inc. v. Casey*, [—— U.S. ——, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991)], No. 89–994 decided March 19, 1991, the said award is hereby reduced by the sum of $19,889.80 representing expert witness fees.

A letter from the plaintiffs' attorney was received almost immediately thereafter, vigorously expressing his opposition to the defendants' subsequently submitted proposed judgment for two reasons: (1) "The stipulation and order and the accompanying final judgment were only agreed to as a package", and (2) *West Virginia University Hospitals* was not dispositive "inasmuch as the wording of the attorneys' fee provision in the Housing Act was different from the wording of the Civil Rights Act, which was before the Supreme Court in *Casey*, and the precise wording of each fee-shifting statute was crucial to the decision in that case."

The attorney's fee provision in the Housing Act, 42 U.S.C. § 3613(c)(2) provides, in relevant part:

In a civil action ... the court, in its discretion, may allow the prevailing party, ... a reasonable attorney's fee and costs.

The fee provision before the Court in *West Virginia University Hospitals*, 42 U.S.C. § 1988, provides, in relevant part:

In any action or proceeding to enforce a provision of section 1981, 1982, 1983, 1985 and 1986 of this title ... the court, in its discretion, may allow the prevailing party, ... a reasonable attorney's fee as part of the costs.

The plaintiffs' assertion that the distinction between "attorney's fees and costs" and "attorney's fees as part of the costs" is a distinction of legal significance and would compel a different result in this case is not persuasive. In *West Virginia University Hospitals* the Court reaffirmed and restated its holding in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987) that "[W]hen a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of § 1821(b), *absent contract or explicit statutory authority to the contrary.*" (emphasis mine). The plaintiffs would, in essence, hold the defendants responsible for the fees of expert witnesses because I blundered in anticipating the decision of the Supreme Court, notwithstanding that there is yet time to correct the erroneous prognostication.

Having heeded Judge Learned Hand in attempting to divine the decision of that Court, I shall also heed the admonition he once urged be written on every courthouse which was Oliver Cromwell's plea just before the Battle of Dunbar: "I beseech ye in the bowels of Christ, think that ye may be mistaken." Dillard, The Spirit of Liberty XXIV (1952). Accordingly, therefore, it is

ORDERED, ADJUDGED AND DE-CREED, that:

1. In view of the Second Circuit's ruling that "[f]urther delay might well prove fatal to [Housing Help, Inc.'s] plans," *Huntington Branch NAACP v. Town of Huntington*, 844 F.2d 926, 941 (2d Cir.1988), the Town of Huntington, its Supervisor, Town Councilpersons, officials, employees and representatives, shall in all ways possible expedite the processing of any applications, reviews, filings, etc. by Housing Help, Inc. with respect to the housing project designated for the Matinecock Court site, said actions to include but not be limited to, considering, reviewing and dealing with Housing Help, Inc.'s submission on a priority basis over any and all submissions by

**530**

other real estate developers or persons; and

2. Except as provided for in this judgment, the construction of the housing project designated for the Matinecock site shall conform in all respects to normally applicable laws, codes, regulations and ordinances, including without limitation the environmental, sanitary and building laws, codes, regulations and ordinances of the Town of Huntington, Suffolk County, and the State of New York; and

3. This court retains jurisdiction over this matter for the purpose of enforcing this judgment and the partial final judgment entered on May 16, 1989; and

4. The defendants shall pay to the plaintiffs their reasonable attorney fees and costs as previously fixed by the court, except that, based upon the decision of the United States Supreme Court in *West Virginia University Hospitals, Inc. v. Casey,* — U.S. ——, 111 S.Ct. 1138, 113 L.Ed.2d 68, the said award is hereby reduced by the sum of $19,889.80 representing expert witness fees.

SO ORDERED.